IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SANDRA STRINGER                                                                          PLAINTIFF

V.                                       NO. 12-5119

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Sandra Stringer, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff filed her applications for DIB and SSI on September 24, 2009, alleging an inability to work since August 17, 2006, due to "Diabetes type 2." (Tr. 45, 156). An administrative hearing was held on September 10, 2010, at which Plaintiff appeared with counsel

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

-1-

and testified. (Tr. 24-44).

By written decision dated December 20, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - diabetes mellitus, hypertension, anxiety, chronic headaches, reflux, and chronic sinusitis. (Tr. 11). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 11). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). She can occasionally lift and/or carry 10 pounds and frequently less. She can sit for 6 hours and can stand and/or walk for 2 hours. She can do work where interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote with few variables and little judgment required. Supervision required is simple, direct and concrete.

(Tr. 13). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was unable to perform any past relevant work, but that there were other jobs Plaintiff could perform, such as small product assembler, small production machine operator, and small product inspector. (Tr. 17-18).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on April 18, 2012. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

I.  **Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.  Discussion:

Plaintiff raises the following issues on appeal: 1) The ALJ erred in failing to consider Plaintiff's combination of impairments; 2) The ALJ erred by failing to give proper consideration to the Plaintiff's subjective complaints; and 3) The ALJ erred in determining that the Plaintiff retained the RFC to perform less than a full range of sedentary work. (Doc. 9).

### A.  Combination of Impairments:

In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'" (Tr. 10). He also stated that an impairment or combination of impairments was "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. (Tr. 10). The ALJ stated that at step three, he must

determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings. (Tr. 10). The ALJ concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments. (Tr. 11). This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

Based upon the foregoing, as well as those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the fact that the ALJ gave proper consideration to Plaintiff's combination of impairments.

**B.     Credibility Findings:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be

-5-

expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the RFC assessment. (Tr. 14). The ALJ addressed Plaintiff's daily activities, noting that she was able to care for her young disabled child at home, took care of pets with help from her son, had no problems with taking care of her personal care needs, prepared simple meals and was able to do housework, such as doing the dishes and laundry on her own, and went grocery shopping with family members. (Tr. 14).  The ALJ also noted that Plaintiff had not sought any formal psychiatric treatment, and that there was very little evidence that she made significant complaints to her physician concerning her anxiety. (Tr. 14-15).  In addition, the ALJ noted that the medical records also revealed that Plaintiff had not always been compliant with her medications, reporting that she stopped taking her diabetes medications ten months after she was diagnosed with diabetes. (Tr. 15).  Once she resumed her medications, her blood sugars improved.  In addition, the consultative examination of Plaintiff, performed on December 14, 2009, by Dr. Neil Mullins, revealed that Plaintiff had "very good" range of motion in her limbs, 75% grip in right and left hand, had "very,very early" peripheral neuropathy, and mild arthritis of her left elbow.  (Tr. 314-316). It is noteworthy that Dr. Mullins placed no limitations on Plaintiff's ability to walk, stand, sit, lift, carry, handle, finger, see, hear or speak." (Tr. 316).  By way of comment, Dr. Mullins reported that Plaintiff had not exhausted the proper dose of metformin and levemir - "in other words, she needs to increase her metformin and levemir and then she may be in control!!!, in my opinion."  (Tr. 317).  A Physical RFC Assessment was completed on December 22, 2009, by Dr. Lucy Sauer, and she concluded that the medical records supported a medium RFC. (Tr. 353).

With respect to Plaintiff's mental impairments, a Mental Diagnostic Evaluation was conducted on December 16, 2009 by Terry L. Efird, Ph.D. (Tr. 321-324). Dr. Efird diagnosed Plaintiff as follows:

| | |
|---|---|
| Axis I: | anxiety disorder NOS |
| Axis II: | deferred |
| Axis V: | 50-60 |

(Tr. 323). Dr. Efird concluded that Plaintiff communicated and interacted in a reasonably socially adequate manner and in a very basic, but reasonably intelligible manner, although she did have difficulty communicating some information effectively. (Tr. 324). He also found that Plaintiff had the capacity to perform basic cognitive tasks, particularly repetitive tasks, required for basic work like activities. (Tr. 324). Dr. Efird did note that Plaintiff would have remarkable difficulty with complex types of instructions and cognitive tasks. (Tr. 324). Dr. Efird believed Plaintiff appeared to have the mental capacity to persist with tasks if desired, and that her mental pace was probably moderately slow, but fairly consistent with estimated intellectual functioning. (Tr. 324). A Mental RFC Assessment, completed by Jerry R. Henderson, Ph.D. ,on December 21, 2009, revealed that Plaintiff had the ability to perform basic work like tasks, and that the medical evidence supported unskilled capacity. (Tr. 330). He found that Plaintiff was able to perform work where interpersonal contact was incidental to the work performed, e.g. assembly work, where complexity of tasks was learned and performed by rote, with few variables, and little judgment, and where supervision required was simple, direct and concrete (unskilled). (Tr. 330).

The ALJ gave great weight to the opinions of Dr. Efird and Dr. Mullins, stating that they were supported by the medical records and results of their consultative examinations. The ALJ

AO72A
(Rev. 8/82)

noted that there was no treating source opinion that Plaintiff was more limited than as provided in his RFC Assessment. (Tr. 17).

Based upon the foregoing, the Court finds that there is substantial evidence to support the ALJ's credibility findings.

**C.    RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own description of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In this case, the ALJ concluded that Plaintiff would be able to perform sedentary work with certain limitations. (Tr. 13). He considered all of the medical evidence in the record as well as Plaintiff's own description of her limitations. As indicated earlier, he gave great weight to the opinions of Dr. Efird and Dr. Mullins, and found Plaintiff's limitations to be more restrictive than those found by Dr. Sauer in her Physical RFC Assessment. The limitations assessed by the

ALJ included all of those impairments that were supported by the evidence, and the Court finds that there is substantial evidence to support the ALJ's RFC determination, along with the jobs the ALJ found Plaintiff could perform, with the help of the VE.

Based upon the foregoing, as well as those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's RFC findings.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 29th day of August, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)